# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * *
LICELOT MENDOZA,                    *
                                    *   No. 18-1014V
                Petitioner,         *   Special Master Christian J. Moran
                                    *
v.                                  *
                                    *   Filed: February 27, 2023
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                Respondent.         *
* * * * * * * * * * * * * * * * * * * * * * *

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Licelot Mendoza sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34 (2012). Ms. Mendoza, however, appears not to be interested in continuing the litigation as she has not substantively responded to orders. Because Ms. Mendoza has not prosecuted her case, her case is DISMISSED.

## I. Procedural History

Represented by Attorney Jason Molesso, Ms. Mendoza alleged vaccines caused her to suffer a hearing loss. Pet., filed July 13, 2018. The Secretary opposed an award of compensation. Resp't's Rep., filed Jan. 16, 2020.

Through the assistance of Mr. Molesso, Ms. Mendoza submitted a report from an expert. The Secretary countered with reports from two experts on October 4, 2021 and October 20, 2021. The most recent status conference was held on November 22, 2021, more than a year ago.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

A staff member from Mr. Molesso's office informally communicated with chamber's staff that Mr. Molesso was having health problems and anticipated that the case would be transferred to another attorney. Order, issued Jan. 21, 2022. In the following months, attempts to confirm the prosecution of the case have been unsuccessful. Orders, issued Mar. 28, 2022; Apr. 29, 2022; July 19, 2022; Sept. 7, 2022.

On October 12, 2022, an order to show cause was issued. This order was served, electronically, upon Mr. Molesso's office because he remained counsel of record and served, via certified mail, upon Ms. Mendoza at her last known address. No response has been received.

## II.     Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Here, via her attorney, Ms. Mendoza was ordered several times to file a statement expressing her interest in maintaining the litigation. Ms. Mendoza's persistent silence leads to a conclusion that she is no longer interested in pursuing the case. Therefore, her case is DISMISSED. See B.K. v. Sec'y of Health & Hum. Servs., No. 17-1840V, 2020 WL 1888866 (Fed. Cl. Spec. Mstr. Feb. 12, 2020) (dismissing case pursuant to Vaccine Rule 21(b) due to petitioner's failure to respond to orders demonstrating an interest in maintaining the case); Woods v. Sec'y of Health & Hum. Servs., No. 10-377V, 2012 WL 2872290 (Fed. Cl. Spec. Mstr. June 14, 2012) (dismissing case due to petitioner's failure to prosecute).

While Ms. Mendoza's case is dismissed solely for her failure to express an interest in continuing the litigation, Ms. Mendoza's case has significant weaknesses as identified in the reports from the Secretary's experts. Thus, even if Ms. Mendoza were to have responded to the orders requiring a statement from her, Ms. Mendoza may not have received compensation based upon the current

evidence. However, Ms. Mendoza's case is not being dismissed due to the weakness in her case.

**This case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

The Clerk's Office is further instructed this order to petitioner via U.S. Mail return receipt requested at the following address:

>Licelot Mendoza
>614 Elizabeth Ave,
>Elizabeth, NJ 07206

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

3